UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LARRY and KANDY HEAL,   No. 09-13026

               Debtor(s).
_____/

Memorandum re Unlicensed Practice of Law
_____

     Patrick Bulmer styles himself as a "judgment professional." He takes pride in his membership in a trade association and attending programs on debt collection. He appears intelligent and knowledgeable in the law. However, he is not a lawyer. Claiming to own a judgment by assignment, he has brought a motion to dismiss this Chapter 13 case. In opposing the motion, debtors Larry and Kandy Heal have brought his lack of credentials to the attention of the court.

     Bulmer's claim originates in a judgment entered in state court for $31,810.27 in favor of Guidiville Rancheria and against one Timothy Pelzel on January 3, 1998. The judgment was originally assigned to J. Verhees doing business as Summit Judgment Recovery. On May 5, 2000, Verhees assigned the judgment to California Judgment Recoveries, LLC. Bulmer is a principal of California Judgment Recoveries, LLC. By assignment dated January 2, 2003, and signed by Bulmer's wife, the judgment was assigned to Bulmer. He says he paid $10 for it. He alleges that the Heals have successor liability on the judgment.

     The statutory basis for *pro se* representation is 28 U.S.C. § 1654, which provides that parties

1

may plead and conduct their own cases personally or by counsel.[1] The key phrase is "their own cases"; a non-lawyer may not appear nominally on his own behalf if the outcome would impact third parties. *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 698 (9th Cir. 1987); *Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Circ. 2005); *Pridgen v. Andresen*, 113 F.3d 391 (2nd Cir. 1997). Bulmer argues that this principle of law does not apply to him because he owns the judgment outright, but the court doubts this very much. The court is not bound by the written form of agreements which may have been entered into with a wink and a nod; the small amount Bulmer "paid" for the judgment certainly raises a presumption that something else is going on here. However, it is not necessary for the court to make evidentiary findings given the undisputed facts before the court.

Before Bulmer "bought" the judgment, it belonged to California Judgment Recoveries, LLC. Even when a limited liability company has only one member, it can appear in court only through a licensed attorney. *Lattanzio v. Comta*, 481 F.3d 137, 140 (2nd Cir. 2007). A company cannot avoid the effect of this rule by "assignment" of its rights to a principal. If it could, the rule would be rendered meaningless and every corporation, partnership or other fictitious entity could appear *pro se* merely by assigning its rights to a principal.

There is no constitutional right to self-representation in civil cases. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 137 (1st Cir. 1985), cert. den. 476 U.S. 1172. Each federal court has broad discretion to determine who practices before it, and is not bound by state law in making the determination. *C.E. Pope Equity Trust v. U.S.*, supra; *U.S. v Dinitz,* 538 F.2d 1214 (5th Cir. 1976), cert. den. 429 U.S. 1104. For the reasons stated above, the court declines to permit Bulmer to practice law in this court.

Accordingly, the protective order sought by the Heals will be granted and all pleadings filed by Bulmer in this case will be stricken. Bulmer may not file any further pleadings in this case except by

---

[1] Pursuant to the statute, each court promulgates its own rules as to who may practice before it. B.L.R. 9010-1 governs who may practice in bankruptcy courts in the Northern District of California.

licensed attorney.  Counsel for the Heals shall submit an appropriate form of order.

Dated: November 27, 2009

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: November 30, 2009        By :        Katie Andersen
                                            Katie Andersen
                                            Deputy Clerk

Patrick Bulmer
California Judgment Recovery
PO Box 5128
Oroville, CA 95966