EDWARD G. MYRTLE (SBN 131115)
584 Castro Street, # 856
San Francisco, California 94114
Telephone: 415-637-3170
Facsimile: 415-621-5592
Email: EdMyrtle@ymail.com

Attorney for Chapter 13 Trustee DAVID BURCHARD

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 09-13026 |
| LARRY T. HEAL, JR. and KANDY K. HEAL, | Chapter 13 |
| Debtor(s). | **SECOND AMENDED OBJECTION TO CONFIRMATION** |

The Trustee objects to the confirmation of the Debtors' Plan.

1. The Plan is insufficient to pay all secured, priority and administrative claims, and, therefore, is not feasible. Section 1.1 of the Plan calls for monthly payments of $550 for only eight (8) months, for a total payment of $4,400. The proposed amount is expected to pay less than 95% of the secured, priority and administrative claims, and pays nothing to unsecured creditors. *See* 11 U.S.C. §§ 1322(a) and 1325(a)(1) and (a)(6).

2. The Plan does not meet the requirements of 11 U.S.C. §1325(a)(3) or (a)(6) in that Debtor's Plan has not been proposed in good faith based upon the totality of the circumstances. First, the Plan proposes the Debtor, whose income is below the

Case: 09-13026    Doc# 69    Filed: 12/18/09    Entered: 12/18/09 16:38:18    Page 1 of 5

applicable median, has the means to comply with the Plan, but the Debtor's monthly net income or <loss> is <$2,672.76>. Thus, the Plan has failed to establish the Debtor has the means to comply. Second, the Plan at Section 1.1 proposes a monthly payment of $550.00 for a period of only eight (8) months, for an anticipated dividend of $4,400. The Bankruptcy Code at 11 U.S.C. § 1322(d)(2) sets forth a plan period of no more than three (3) years; the Bankruptcy Code at § 1325(b)(4) sets forth a plan period of three (3) years for a Debtor whose income is below the median. Section 1325(b)(4)(B) provides for a period of less than three (3) years "only if the plan provides for payment in full of all allowed unsecured claims over a shorter period." The Plan fails to provide for payment in full. The proposed amount is expected to pay less than 95% of the secured, priority and administrative claims, and pays nothing to unsecured creditors. Third, the Plan at Section 6.01.c. indicates the lien on the real property held by Indymac Bank shall be avoided. Schedule D sets forth the amount of the claim as $46,169.23. The Court granted Debtor's motion on December 11, 2009. Fourth, the Plan at Section 2.14 provides for no payment of unsecured claims. Schedule F sets forth $250,778.06 in general unsecured claims. In this way, the Plan seeks only to strip the lien of Indymac Bank and pay attorneys fees while making no distribution to unsecured creditors. Consequently, the Debtor's questionable means to comply with the Plan, the eight (8) month proposed plan period rather than the three (3) year period as set forth in 11 U.S.C. §§ 1322(d)(2) and 1325(b)(4)(A)(i) and (B), the extent to which the Plan modifies secured claims, and the failure to set forth any special circumstances which would justify a proposed plan payment of $550 over a period of only eight (8) months without providing for payment in

full of all allowed unsecured claims lead to the conclusion the Plan has not been proposed in good faith. For a list of factors with respect to establishing that the plan has been proposed in good faith *see, e.g., In re Bowen*, 349 B.R. 814 (Bankr. D. Idaho 2005) (factors include amount of proposed payments, duration of plan, extent of preferential treatment between classes of creditors, extent to which secured debts are modified, motivation in seeking Chapter 13 relief), *In re James,* 260 B.R. 498 (Bankr. D. Idaho 2001). *See also, e.g., In re Paley*, 390 B.R. 53 (Bankr. N.D. NY 2008) (confirmation of 9 and 12 month plans denied where court found plans paid only administrative costs, were not adjusting debts consistent with intent of Chapter 13, but were instead eliminating claims of creditors while simply paying their attorneys). This case is essentially a "disguised Chapter 7" filing, where the Debtor may strip the lien of a secured creditor, which ability is doubtful in a filed Chapter 7 case, pay virtually nothing to unsecured creditors and pay only attorneys' fees over a brief plan period. Good faith in proposing such a plan is lacking.

3. The Amended Plan at Section 1.1 proposes a monthly payment of $550.00 for a period of only eight (8) months, for an anticipated dividend of $4,400. The United States Supreme Court has on November 2, 2009, accepted a circuit case for review and will likely issue an opinion on the reasoning (*see, e.g.*, *In re Kagenveama*, 541 F.3d 868 [9th Cir. 2008]), which might tend to support such a short plan period and the proper calculation of projected disposable income. *Hamilton v. Lanning (In re Lanning*) (Docket No 08-998), 2009 WL 273221. The cited case dealt with an above-median debtor and the Debtor herein is below-median. The question whether, rather than

focusing only on income which has been received pre-petition, courts may consider

evidence of income to be received during the plan period may be decided.

THEREFORE, the Trustee objects to the Debtors' Plan.

Dated: December 18, 2009

/s/ Edward G. Myrtle
Edward G. Myrtle (SBN #131115)
Attorney for Chapter 13 Trustee
DAVID BURCHARD

## CERTIFICATE OF SERVICE

I, Edward G. Myrtle, certify as follows:

I am an active member of the State Bar of California and am not a party to the cause to which the document identified below pertains. My business address is 584 Castro Street, # 856, San Francisco, California, 94114.

On December 18, 2009 at San Francisco, California, I served a copy of the document(s) entitled:

**Second Amended Objection to Confirmation**

By placing said document(s) in the United States Mail in a sealed envelope with the first class postage thereon fully prepaid and addressed to the following entities/person(s):

| | |
|---|---|
| **Attorneys for Debtors**<br>David N. Chandler<br>Law Office of David N. Chandler, PC<br>1747 Fourth Street<br>Santa Rosa, CA 95404 | |

I certify under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, on this day of December 18, 2009.


*/s/ Edward G. Myrtle*
Edward G. Myrtle (SBN #131115)
Attorney for Chapter 13 Trustee
DAVID BURCHARD