UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LARRY and KANDY HEAL,                                               No. 09-13026

                              Debtor(s).
_____/

Memorandum on Objection to Confirmation
_____

       In his dissent in *In re Kagenveama*, 541 F.3d 868 (9th Cir. 2008), Circuit Judge Bea noted that:

> The majority lays down a rule: So long as the debtor can calculate no "disposable income" at the time his creditor plan is confirmed, he can rest easy. The debtor can propose as short a time period as he wants: a day, a week or a month. I dissent because pretty clearly stated his creditors should have up to five years to keep an eye on the debtor to perhaps share in any of his new good times.

       In this case, Chapter 13 debtors Larry and Kandy Heal test the limits of the majority decision in *Kagenveama*. They have proposed a plan which lasts only eight months, and pays their creditors nothing. The only thing it accomplishes, other than paying their attorney's fees, is that it strips off, without any payment, a junior secured mortgage. Such a result is not possible in Chapter 7. *Nobelman v. American Savings Bank,* 508 U.S. 324 (1993). The Chapter 13 Trustee objects.

       The issue before the court is whether *Kagenveama* has no limits, as Judge Bea feared, or whether at some point simple principles of good faith limit that case's application. The court holds the latter.

       A Chapter 13 debtor is required by § 1325(a)(3) of the Bankruptcy Code to demonstrate good faith before a plan can be confirmed. There is no *per se* definition of good faith. However, one factor the court may consider is whether the Bankruptcy Code is being unfairly manipulated. *In re Goeb,*

1

675 F.2d 1386, 1390 (9th Cir. 1982); *In re Porter,* 102 B.R. 773, 775 (9th Cir. BAP 1989).

In this case, the debtors are attempting to achieve a purpose forbidden in Chapter 7 by the use of a Chapter 13 plan which does not even pretend to accomplish a recognized Chapter 13 purpose or be in the spirit of Chapter 13. The court recognizes that we are in the middle of a terrible economic crisis and does not go around looking for excuses to deny confirmation of a plan, especially one which may allow debtors to avoid loss of their home. However, the aggressive stance taken by the Heals forces the court to decide between exigency and commitment to the law. Forced to choose, the court opts for the latter.

The court is not looking for major revisions to the plan. The Trustee is not motivated by a desire to wring more money out of debtors who cannot afford to pay. All that is sought is merely something a little more in the spirit of Chapter 13, with at least the possibility that if the debtors are able to enjoy good fortune in the reasonably near future their creditors may share a little of it. This seems like a small price to pay for stripping off a mortgage.

To summarize, the court finds that the debtors have not met the good faith requirement of § 1325(a)(3) because their plan is so short and because it accomplishes nothing other than something forbidden in Chapter 7; while either factor alone might not result in denial of confirmation, the two factors together render the plan unconfirmable.

For the foregoing reasons, the Trustee's objection will be sustained and confirmation will be denied. The debtors may choose to try again or to seek appellate review. Leave to appeal will be granted if they elect that route. Counsel for the Trustee shall submit an appropriate form of order.

Dated: January 4, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge