1

2

3

4

5

6

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

7 In re

8 LARRY and KANDY HEAL,                                                  No. 09-13026

9                                    Debtor(s).
_____/

10

Memorandum on Discovery Disputes

11 _____

12          On January 27, 2010, creditors GMAC Mortgage, LLC, and Mortgage Electronic Registration

13 Systems, Inc., filed a motion for relief from the automatic stay, alleging that Chapter 13 debtors Larry

14 and Kandy Heal were not making their postpetition payments on their note secured by a first deed of

15 trust on the Heals' real property at 551 East School Way, Redwood Valley, California.[1]  The Heals did

16 not dispute this allegation, but argued only that they and GMAC had entered into a binding loan

17 modification.

18          Section 362(e)(2) requires the court to render a final decision on the motion within 60 days of

19 its filing.  Section 362(g)(2) places the burden of proof on the debtors as to all issues except equity,

20 which is not at issue here.

21          The motion came before the court for preliminary hearing on February 25, 2010.  When the

22 court learned of the basis for the Heals' opposition, its first thought was to grant the motion without

23

24          [1]Chapter 13 debtors may pay prepetition defaults over time, but must maintain postpetition
payments.  *In re Proudfoot*,144 B.R. 876, 878 (9th Cir.BAP 1992); *In re Gavia*, 24 B.R. 573, 575 (9th
25 Cir. BAP 1982).

26

1

1    prejudice to a lawsuit to obtain declaratory relief.  However, GMAC did not argue for it and the court,

2    having some sympathy for the Heals, set a final hearing for March 25, 2010.  The Heals had produced

3    no evidence supporting their allegations, but the court felt that there was no real harm in giving the

4    Heals at least another month before they lost their home.  The court sees now that this was a mistake.

5        The parties have become embroiled in discovery dispute after discover dispute.  While the

6    court strongly suspects that the Heals are using the discovery process to "buy time" before they have to

7    face the inevitable loss of their home, it is possible that GMAC and MERS are using their superior

8    economic position to put up roadblocks for the Heals in proving their case.  There is no way for the

9    court to determine who is at fault without holding a mini-trial on the issue.  This sort of protracted

10   litigation is not what Congress envisioned in fashioning section 362 to balance the rights of debtors

11   and creditors.  The court has already extended the time limits for final decision as permitted by  §

12   362(e)(2)(B)(ii), but feels that if it does so again it is playing into the Heals' hands and allowing stay

13   relief litigation to be used for an improper purpose.

14        Disputes over the validity of liens are required to be litigated in by adversary proceeding

15   pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.  Such issues are not properly

16   considered in a stay relief motion, as the moving party need only demonstrate a colorable right; the

17   validity of underlying claims is not litigated. *In re Johnson*, 756 F.2d 738, 740 (9th Cir.1985); *In re*

18   *Robbins*, 310 B.R. 626, 631 (9th Cir. BAP 2004).

19        In this case, the Heals admitted in their schedules that GMAC holds a first deed of trust on their

20   property.  They did not even mark that the lien was subject to dispute.  They do not contest that they

21   are not making their postpetition payments.  Accordingly, GMAC has established a colorable claim

22   which justifies relief from the automatic stay.  While the court has the greatest sympathy for debtors

23   sharing the Heals' plight, it is for Congress to fashion whatever relief is deemed appropriate.  It is not

24   for this court to twist  § 362 into a tool for affording extraordinary relief to debtors.

25        For the foregoing reasons, GMAC and MERS shall have relief from the automatic stay

26

effective thirty days from entry of an order, without prejudice to the Heals' right to seek injunctive,

declaratory and other appropriate relief in a lawsuit in state court or federal district court, as may be

appropriate.[2] Counsel for GMAC and MERS shall submit an appropriate form of order.

Dated:  May 2, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

--------

[2]The court discourages an adversary proceeding in bankruptcy court unless genuine issues of bankruptcy law, which the court does not see, are present.  Without such legitimate issues, the court is likely to promptly abstain.

3