Name of Debtor:  Case No. 09-13026

LARRY T. HEAL, Jr.
KANDY K. HEAL

Last four digits of Soc. Sec. No.: 6557
Last four digits of Soc. Sec. No.: 8298

# AMENDED CHAPTER 13 PLAN

**CONFIRMATION OF THIS PLAN MAY MODIFY YOUR RIGHTS BY PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, BY ESTABLISHING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND/OR BY ESTABLISHING THE INTEREST RATE IF ANY ON YOUR CLAIM. THE VALUES PROVIDED FOR CREDITORS HEREIN SHALL BE BINDING UNLESS A TIMELY OBJECTION TO CONFIRMATION IS FILED.**

Debtor proposes the following Chapter 13 Plan:

## Section I. Plan Payments and Commitment Period

**1.1.** The future earnings of Debtor shall be submitted to the supervision and control of Trustee as is necessary for execution of the plan. Debtor shall pay to Trustee the sum of $ 510.00 each month. If the monthly payments will increase or decrease the payment schedule is set forth below. The monthly plan payment shall be reduced by the adequate protection payments due on certain Class 1 secured claims, as specified in paragraph 2.9 below. After confirmation the debtor shall make all payments to the trustee.                                             .

| | MONTHLY PAYMENT AMOUNT | NUMBER OF PAYMENTS | TOTAL |
|---|---|---|---|
| 1. | $510.00 | 30 | $15,300.00 |
| 2. | | | |

**1.2.** The monthly plan payments will continue for 30 months or until completed. There is no applicable commitment period of the Plan pursuant to In re Kagenveama, 541 F.3d 868 (9th Cir. 2008).

## Section II. Claims and Expenses

**A. Proofs of Claim**

**2.1.** A proof of claim must be filed by or on behalf of a creditor before a claim may be paid pursuant to this plan.

**2.2.** Payments on domestic support obligations and payments on loans from retirement or thrift savings plans of the type described in section 362(b)(19) falling due after the filing of the petition shall be paid by Debtor directly to the person entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed.

**2.3.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the collateral has been valued in paragraph 2.8, a motion to value has been granted, or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim.

**B. Administrative Expenses**

**2.4.** **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation as established by the United States Trustee.

**2.5.** **Administrative expenses.** Except to the extent the claimant agrees to accept less, and unless section

1326(b)(3)(B) is applicable, administrative expenses shall be paid in full.

**2.6. Debtor's attorney's fees.** Debtor paid $3,500.00 as and for attorney fees prior to the filing of the petition. The balance of fees and costs in the sum of $12,000.00 shall be paid at the rate of $450.00 per month.

**2.7. Fees of former chapter 7 Trustee.** Payment of compensation of the type described in section 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the length of the plan, each month for the duration of the plan.

**C. Secured Claims**

**2.8. Class 1. Secured claims that are modified by this plan or that have matured.** Each Class 1 claim will be paid in full, retain its existing lien, and receive a dividend in an equal monthly amount as specified below. The amount of a Class 1 claim shall be the amount due under any contract between Debtor and the claimant or under applicable nonbankruptcy law, or, if section 506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if (a) the claim was incurred within 910 days of the filing of the petition and is secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or (b) the claim was incurred within 1-year of the filing of the petition and is secured by personal property security interest in any other thing of value. The monthly payment to Class 1 claims shall begin after confirmation. If the interest rate is left blank the rate shall be 10% per annum.

| Class 1 Creditor's Name/ Collateral Description | Purchase Money Security Interest? Y/N | Is Claim Subject to § 506(a)? Y/N | Claim Amount Or Value of Collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

**2.9 Adequate protection payments.** *Prior to confirmation*, Debtor shall pay on account of each allowed Class 1 claim secured by a purchase money security interest in personal property an adequate protection payment as required by section 1326(a)(1)(C). This adequate protection payment shall be the equal monthly amount set forth below. Adequate protection payments shall be paid each month beginning the first month after the petition is filed. *For each month an adequate protection payment is made, that amount shall be subtracted from the plan payment required to be paid to the trustee under section 1.1 above.* The adequate protection payments to be made pre-confirmation by the debtor are as follows:

| Creditor's Name/ Collateral Description | Purchase Money Security Interest? Y/N | Payment Due Date | Adequate Protection Payment |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

**2.10 Class 2. Secured claims subject to a Motion to Avoid Lien.** The debtor has or will file a motion to avoid the following liens of the secured creditors pursuant to 11 U.S.C. §522(f). The above claims shall be treated as unsecured claims for distribution pursuant to this plan.

| Creditor's Name/Collateral Description | Claim Amount |
|---|---|
| 1. | |
| 2. | |

**2.11. Class 3. Secured claims satisfied by the surrender of collateral.** Debtor shall surrender the following collateral. A secured creditor whose collateral is surrendered shall be paid as an unsecured nonpriority creditor provided

Case: 09-13026    Doc# 152    Filed: 12/07/10    Entered: 12/07/10 19:31:30    Page 2 of 4

2

the creditor files an unsecured nonpriority deficiency claim and no objection to the claim is sustained.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency |
|---|---|
| 1.Toyota Financial Services / 2009 Tacoma Truck | 15,000.00 |
| 2. | |

**2.12. Class 4. Secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default or if in default constitute real property secured claims for which the arrearage is paid as a Class 1 claim, and are not modified by this plan. Monthly contract installments shall be made as they fall due whether or not the plan is confirmed.

| Class 4 Creditor's Name | Monthly Contract Installment | Maturity Date |
|---|---|---|
| 1.Mendo Lake Credit Union (Dodge) | 226.50 | 24 Months |
| 2.Mendo Lake Credit Union | 402.51 | 30 Months |
| 3.GMAC | 1,240.00 | 27 Years |
| 4. | | |

### D. Unsecured Claims

**2.13. Class 5. Unsecured priority claims** entitled to priority pursuant to section 507 shall be paid in full. If this plan will not pay a priority claim of the type described in section 1322(a)(4) in full, the identity of the holder of that claim and treatment proposed for it shall be included in the Additional Provisions below.

| Class 4 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

**2.14. Class 6. General unsecured claims.** Claims not listed as Class 5 claims, Class 2, Class 3, and claims that are not secured by property belonging to Debtor, will receive a dividend pursuant to this plan as follows:

The sum of 0 (%) percentage of the allowed claims. (Percentage Plan)

## Section III. Executory Contracts and Unexpired Leases

**3.01.** Debtor assumes the Executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the Executory contract or unexpired lease, before and after confirmation, all post-petition payments. Any pre-petition arrears shall be paid in full either as a Class 1 or a Class 6 claim.

**3.02.** Any Executory contract or unexpired lease not listed in the table below is rejected.

| Name of Other Party to Executory Contract or Unexpired Lease | Pre-petition Arrears | Regular Payment | Will Arrears Be Paid as a Class 1 or 6 Claim? |
|---|---|---|---|
| 1. GMAC | -0- | Per Mo | N/A |
| 2. | | | |

## Section IV. Payment of Claims and Order of Payment

**4.01.** After confirmation of this plan, funds available for distribution will be paid by the Trustee to holders of allowed claims.

**4.02. Distribution of plan payments.** From the monthly plan payment, Trustee shall pay Trustee's fees, administrative expenses, the monthly amount specified above for each Class 1 secured claim, Class 5 priority claims until they are paid in full [or, if the claim is of a type described in section 1322(a)(4), the amount specified in the Additional Provisions has been paid], then to holders of Class 6 unsecured claims as specified in paragraph 2.14.

## Section V.  Miscellaneous Provisions

**5.01.   Vesting of property.**  Any property of the estate scheduled under section 521 shall [*choose one*] [  ] revest in Debtor on confirmation or [  ] not revest in Debtor until such time as a discharge is granted.  In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law. Failure to elect an option for revesting shall revest the property in the debtor at confirmation.

**4.02.   Debtor's duties.  The debtor shall:**

Provide the Chapter 13 Trustee with the names(s), address(es) and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14A) within 10 days of the filing of the petition.

**4.03.   Sale of Property**. The debtor may:

Purchase or sell real or personal property, or otherwise incur debt in the ordinary course of business without further court order and without notice to creditors upon approval of the Chapter 13 Trustee.

## Section VI.  Additional Provisions

**6.01.   Other Provisions**.
   A.  Debtors shall continue to operate the staffing business as a proprietorship under such fictitious name as is selected by the Debtors, but may elect to incorporate under California Law.
   B.  Debtors, upon confirmation of the Plan, may elect to incorporate their business as a sub-chapter S corporation or operate as a limited liability company from that time forward.
   C.  Indymac Bank holds a junior priority lien on real property which is the personal residence of the Debtors.  Said claim is wholly unsecured based upon the value of the collateral.  Such lien will be stripped by separate motion or adversary proceeding.  The Court shall reserve jurisdiction with respect thereto.
   D. Debtors assume the Loan Modification Plan with GMAC and Loan Modification Agreement with GMAC and shall make the monthly payment as provided by GMAC pursuant to such Plan and Agreement directly to GMAC.
   E.  Debtors reserve the right to bring civil action against Patrick Bulmer, California Judgment Recoveries and any other person acting in place or stead of same, Guideville Rancheria, Walter Gray and/or Flexible Funding, LLC, Steven Elias.

Dated:        12/ 4 /10                                 David N. Chandler, p.c.


                                                        By:   */s/ David N. Chandler*
                                                        David N. Chandler
                                                        Attorney for Debtors