Case3:10-cv-00397-RS Document10 Filed09/28/10 Page1 of 6

Entered on Docket
December 20, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-Filed 09/28/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LARRY T. HEAL JR., and KANDY K. HEAL,

        Appellants,

  v.

DAVID BURCHARD, CHAPTER 13 TRUSTEE,

        Appellee.
_____/

No. C 10-00397

**ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT**

## I. INTRODUCTION

This is an appeal from a bankruptcy court order denying confirmation of appellant's Chapter 13 plan. Appellants, Larry and Kandy Heal, contend that the bankruptcy court's order should be overturned because the court did not consider the totality of the circumstances when evaluating the debtor's plan, and because it imposes a per se rule for Chapter 13 debtors that is not supported by the Bankruptcy Code. Appellee, the Chapter 13 Trustee, claims that the bankruptcy court's decision that the debtor's plan was not submitted in good faith was a question of fact, which withstands the clearly erroneous standard of review. For the reasons stated below, the bankruptcy court's order shall be AFFIRMED.

## II.  FACTS

The Heals operate a staffing business in Ukiah, California.  On September 17, 2009, the couple filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. According to their bankruptcy petition, the Heal's average monthly income was $4,615.07, and their average monthly expenses totaled $7,287.83, resulting in an average monthly disposable income of -$2,672.76.  E.R. at 32, 34.  The couple's average annual income was $67,205.40, which was below the median family income level for a similarly sized family in their locale.  E.R. 47.  A summary of the debtor's bankruptcy schedules indicates that the Heals listed $345,263.61 in total assets and $949,238.73 in total liabilities.  E.R. 8.

The debtors submitted a reorganization plan with their bankruptcy petition.  E.R. 53-56.  The plan required the debtors to pay $550.00 per month to the Trustee over an eight month period, resulting in a total of $4,400 paid to the Trustee.  *Id.*  Additionally, the debtors proposed to strip off an unsecured second mortgage of $46,000 by avoiding the lien on the property held by Indymac Bank.  E.R. 56.

The Trustee objected to the Debtor's proposed plan on multiple grounds.  E.R. 57-60, 65-67, 70-73.  The Trustee argued that the plan should not be confirmed because it merely covered attorney's fees the debtors accrued during their bankruptcy filing, and only required the debtors to make payments to the Trusttee over an eight month period.  E.R. 70.  Additionally, the Trustee claimed that the plan was not submitted in good faith because the proposal to strip off the unsecured second mortgage indicated that the Heal's case was a "disguised Chapter 7 filing in Chapter 13." E.R. 72.

On January 4, 2010, the bankruptcy court found that the debtor's plan was not proposed in good faith, and denied confirmation of the plan.  The bankruptcy judge found that the plan "does not even pretend to accomplish a recognized Chapter 13 purpose or be in the spirit of Chapter 13," and that the debtors were attempting to achieve a purpose forbidden in Chapter 7 by the use of a Chapter 13 plan.  E.R. 87-88.  The bankruptcy judge acknowledged that, the fact the debtors' proposed a plan as short as eight months and the related concern that this was a "disguised" Chapter 7 case did

No. C 10-00397
ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT

2

not automatically warrant denial of confirmation. E.R. 88. However, when considering these aspects together, the court found the request for confirmation problematic. E.R. 88. Accordingly, the bankruptcy judge concluded that the debtors did not meet the good faith requirement of 11 U.S.C. § 1325(a)(3), but indicated that the plan could be improved if the debtors propose "something a little more in the spirit of Chapter 13, with at least the possibility that if the debtors are able to enjoy good fortune in the reasonably near future their creditors may share a little of it." E.R. 88. The bankruptcy court advised the debtors that they may propose a new plan or seek appellate review.[1] *Id.*

### III. STANDARD OF REVIEW

A district court reviews a bankruptcy court's decision under the same standard of review circuit courts use in reviewing district court decisions: "[f]actual determinations are reviewed under the clearly erroneous standard, while determinations of law are reviewed de novo." *Andrews v. Loheit*, 155 B.R. 769, 770 (B.A.P. 9th Cir. 1993) (*citing, In re Warren*, 89 B.R. 87, 90 (B.A.P. 9th Cir. 1988)); *Ford v. Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). The confirmation of a Chapter 13 plan involves mixed questions of fact and law. *Andrews*, 155 B.R. at 770. The Ninth Circuit has held that a "bankruptcy judge's finding that a debtor's plan is proposed in good faith is a finding of fact reviewed under the clearly erroneous standard." *In re Mertz*, 820 F.2d 1495, 1497 (9th Cir. 1987). *See also In re Cavanagh*, 250 B.R. 107, 110 (9th Cir. 2000) (whether a Chapter 13 plan is proposed in good faith is a finding of fact reviewed for clear error); *In re Scovis*, 231 B.R. 336, 339 (B.A.P. 9th. Cir. 1999) (same).

A finding is clearly erroneous when "'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (*quoting U.S. v.*

---

[1] Appelles argue that the denial of plan confirmation was an interlocutory order, and that the debtors appealed the decision without seeking leave to appeal. In the opinion, the bankruptcy judge clearly indicated that leave to appeal the order would be granted. E.R. 88. Remanding the case to the bankruptcy court so that the Heals may seek leave to appeal would not be productive. *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995) (district courts should decide whether the denial of an interlocutory bankruptcy appeal would result in wasted litigation and expense). Accordingly, this Court considers the merits of the parties' arguments.

No. C 10-00397
ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT

*U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). *See also In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010) (holding that a court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record). This standard does not "entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Anderson*, 470 U.S. at 573. When the record indicates two permissible views of the evidence, "the factfinder's choice between them cannot be clearly erroneous." *Id.*

## IV.   DISCUSSION

Chapter 13 of the Bankruptcy Code provides bankruptcy protection to individuals with a regular income so long as their debt fall within the statutory limits. 11 U.S.C. § 109(e). "Unlike debtors who file under Chapter 7 and must liquidate their nonexempt assets in order to pay creditors, [] Chapter 13 debtors are permitted to keep their property." *Hamilton v. Lanning*, 130 S.Ct. 2464, 2468-69, 177 L.Ed. 2d 23 (2010) (internal citations omitted). In order to receive protection under Chapter 13, however, debtors "must agree to a court-approved plan under which they pay creditors out of their future income." *Id.* Before confirming a Chapter 13 plan, the bankruptcy judge must be satisfied that the plan complies with a number of factors set forth in 11 U.S.C. § 1325(a). One of the requirements is that the plan must be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).

Congress did not define "good faith" in the Bankruptcy Code, and the Ninth Circuit has recognized that the meaning of "good faith" can vary depending on the context in which it is used. *In re Goeb*, 675 F.2d 1386, 1389-90 (9th Cir. 1982). The Ninth Circuit has formulated a list of several factors which may indicate that a debtor's Chapter 13 plan was not proposed in good faith. *Id.* In addition to considering whether the debtors acted equitably in proposing their Chapter 13 plan, a bankruptcy court must also take into account "whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code or otherwise proposed his Chapter 13 plan in an inequitable manner." *Id.* at 1390. Although the bankruptcy judge may "consider the substantiality of the proposed repayment, the court must make its good faith determination in the light of *all* militating factors." *Id.* However, the Court stated that "[w]e do not attempt at this time to compile

No. C 10-00397
ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT

4

a list of relevant considerations" in evaluating the "good faith" submission of a Chapter 13 plan. *Id*. Bankruptcy courts should determine a debtor's good faith on a "case-by-case basis, taking into account the particular features of each Chapter 13 plan." *Id*. *See also In re Porter*, 102 B.R. 773, 775 (B.A.P. 9th Cir. 1989) (discussing the Ninth Circuit's approach to determining whether a Chapter 13 plan was submitted in "good faith").

Appellants argue that the bankruptcy judge did not evaluate the totality of the circumstances when considering the debtor's plan, and that the court's determination was clearly erroneous. A good faith determination is a factual inquiry, which is subjected to the clearly erroneous standard of review. *In re Mertz*, 820 F.2d at 1497. The bankruptcy court's decision specifically addressed the features of the Heal's plan which lead to its conclusion that the plan was not submitted in good faith. E.R. 87-88. The debtor's plan proposes to strip off a junior unsecured mortgage without payment, which is something prohibited by Chapter 7, and only required the debtors to pay $4,400 to the Trustee over an eight month period. This, the bankruptcy court concluded, indicated that the debtors were attempting to manipulate the Bankruptcy Code, and that the plan was not submitted in good faith. Manipulation of the Bankruptcy Code is one factor a bankruptcy judge may consider in evaluating the good faith of a debtor's proposed plan, and the bankruptcy judge clearly considered this factor in evaluating the Heal's plan. Although appellants may disagree with the bankruptcy judge's determination, they have not presented any facts which indicate that this determination was clearly erroneous.

Appellants argue that the bankruptcy judge's determination that the eight month duration of the plan did not comply with the statutory requirements of Chapter 13 was a legal error and should be subjected to de novo review. Appellants claim that a recent Ninth Circuit case, *In re Kagenama*, stands for the proposition that no applicable commitment period is required for a Chapter 13 debtor with above median income. *In re Kagenveama*, 541 F.3d 868, 871-77 (9th Cir. 2008). However, appellant's reliance on *Kagenama* is misplaced. In *Kageneama* the Ninth Circuit addressed the meaning of "projected disposable income" and "applicable commitment period" as set forth in 11 U.S.C. §1325(b). *In re Kagenveama*, 541 F.3d at 871. In contrast, the issue in this case is whether

No. C 10-00397
ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT

5

the bankruptcy court's finding that the Heal's Chapter 13 plan was not proposed in good faith was clearly erroneous.

When considering whether to confirm the Heal's plan, the bankruptcy judge quoted from the dissent in *Kagenveama* in order to illustrate how the debtors in this case were "test[ing] the limits of the majority decision in *Kagenveama*." E.R. 87.[2] The bankruptcy judge did not hold as a matter of law that a Chapter 13 plan could not be confirmed if it lasts only eight months. Rather, the judge determined that specific features of the Heal's plan suggested that the couple did not submit the plan in good faith, and therefore, could not be confirmed. Accordingly, the bankruptcy court's determination that the debtor's plan was not submitted in good faith was not clearly erroneous and shall be affirmed.

V. CONCLUSION

After evaluating the "totality of the circumstances," the bankruptcy judge concluded that the debtors' plan was not submitted in good faith. The bankruptcy court's factual determination was not clearly erroneous. Therefore, the order of the bankruptcy judge is AFFIRMED.

IT IS SO ORDERED.

Dated: 09/28/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] The dissent criticized the majority's opinion because "[s]o long as the debtor can calculate no 'disposable income' at the time his creditor plan is confirmed, he can rest easy." *In re Kagenama*, 541 F.3d at 880 (Bea, J., concurring in part and dissenting in part). Under the majority's rule, "a debtor could mischievously 'game the system' and avoid repaying debt to his unsecured creditors by inflating his pre-plan confirmation expenses and deferring income until after plan confirmation." *Id.*

No. C 10-00397
ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT